IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| § | CR. No. C-05-324 (1) |
| V. § | C.A. No. C-06-418 |
| § | |
| EDGAR CONTRERAS-MARTINEZ, § | |
| § | |
| Defendant/Movant. § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
<u>DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Edgar Contreras-Martinez's ("Contreras") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which consists of two separate documents, both of which the Clerk received on September 26, 2006. (D.E. 22, 23.)[1] In an order entered September 29, 2006, the Court noted that both documents referenced two different criminal cases, Cr. No. C-05-324 ("the Corpus Christi Case"), and Cr. No. L-04-216 ("the Laredo Case").[2] The Court ordered that the two documents be filed in both cases and assigned separate corresponding civil action numbers. The Court further

---

[1] Unless otherwise noted, dockets entries refer to the criminal case, C-05-cr-324.

[2] When Contreras was indicted in the Corpus Christi Case, the probation office filed a petition seeking to revoke Contreras' supervised release term in the Laredo Case. Probation jurisdiction over the Laredo Case was transferred to this Division, and the Court revoked Contreras' supervised release term on the same date it sentenced him in the instant case. (Cr. No. L-04-214, D.E. 25; Cr. No. C-05-423, D.E. 21.)

1

noted that, by filing the two documents listing identical grounds for relief, it appeared that Contreras was attempting to comply with the rule that a "moving party who seeks relief from more than one judgment must file a separate motion covering each judgment." Rule 2(d), RULES GOVERNING § 2255 PROCEEDINGS.

The Court ordered the government to file a separate response in each case. (D.E. 29.) The government filed identical answers in the two cases on January 22, 2007. (D.E. 30-31; Cr. No. L-04-216, D.E. 38-39.)[3] Pursuant to the Court's Order (D.E. 29), Contreras had until February 26, 2007 to file a reply; to date, none has been received.

As discussed in more detail herein, the Court dismisses Contreras' § 2255 motion because he validly waived his right to file the claims raised therein. Additionally, the Court denies Contreras a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

**A.     Summary of the Offense[4]**

On May 15, 2005, Border Patrol agents and officers with the Robstown, Texas Police Department encountered Contreras and other individuals near the Tex-Mex Spears railroad

---

[3] By its order to file "separate" responses, the Court anticipated that the government would address each case *separately*. Instead, the government filed a single, identical response in both cases. The government is admonished to more carefully comply with the Court's orders.

[4] The facts of the offense are taken from Contreras' Presentence Investigation Report ("PSR) at ¶ 4.

siding in Robstown, Texas. Agents determined that Contreras was illegally present in the United States. Subsequent record checks revealed that Contreras was previously apprehended on twenty-nine occasions and granted a voluntary return in each instance. Additionally, Contreras was previously ordered removed on November 8, 2004 and was subsequently removed on November 23, 2004, through Del Rio, Texas, as an Aggravated Felon. No evidence was found that Contreras requested permission from the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States.

**B.     Criminal Proceedings**

On May 24, 2005, Contreras was charged in a single-count indictment with illegal re-entry into the United States after being previously deported and after having been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 7.) On July 11, 2005, Contreras pleaded guilty to the indictment pursuant to a written plea agreement. (See minute entry dated July 11, 2005; D.E. 16.) In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 16 at ¶¶ 1-2.)

The plea agreement contained a voluntary waiver of Contreras' right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States, as set forth in Title 18, United States Code, Section 3742(b). Additionally, the defendant is aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 16 at ¶ 7 (emphasis in original).)  The agreement was signed by Contreras and his counsel.  (D.E. 16 at 5.)

At Contreras' rearraignment, the prosecutor summarized the written plea agreement, and quoted from the provision set forth above, including the reference to Section 2255 and his waiver of 2255 rights.  (D.E. 27, Rearraignment Transcript ("R. Tr.") at 15.)  After the summary, Contreras testified that he had discussed the plea agreement with his attorney, that his attorney had read it to him in Spanish, that he understood it, and that he signed it.  (R. Tr. at 16.)

The Court also questioned Contreras under oath to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion.  Indeed, the Court specifically admonished Contreras about his waiver:

4

>**THE COURT:** You are giving up your right of appeal, right to appeal the sentence imposed, and you are giving up your rights to file any petition under Title 28 of the United States Code to later challenge your conviction or your sentence after it becomes final. Do you understand?
>
>**THE DEFENDANT:** Yes, sir.
>
>**THE COURT:** Do you want to give up your right of appeal, as well as your right to file the petitions to attack your sentence or your conviction?
>
>**DEFENDANT:** Yes, sir.
>
>**THE COURT:** And have you talked to Mr. Montelongo about all of these matters?
>
>**DEFENDANT:** Yes, sir.

(R. Tr. at 17.) Contreras further testified that no one had threatened him or forced him to plead guilty, that no one had promised him leniency in exchange for his guilty plea, and that no one had promised him what sentence he would receive. (R. Tr. at 11, 17.) He testified that it was his decision to plead guilty, and that he was pleading guilty because he was guilty. (R. Tr. at 12.)

It is clear from the foregoing that Contreras' waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Contreras on October 12, 2005 to 60 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and

imposed a $1000 fine and a $100 special assessment. (D.E. 20, 21.) Judgment of conviction and sentence was entered October 15, 2005. (D.E. 21.) At the same time, the Court revoked Contreras' supervised release term in the Laredo Case and sentenced him to 12 months in the custody of the Bureau of Prisons, to be served consecutively to the sentence in the instant case.

Consistent with his waiver of appellate rights, Contreras did not appeal. His § 2255 motion was received by the Clerk of this Court on September 26, 2006. (D.E. 22, 23.) It is timely.

### III. MOVANT'S ALLEGATIONS

In his two motions, Contreras lists four different grounds for relief. First, he alleges that the Court sentenced him to too long a sentence for illegal reentry and, in particular, he objects to the use of a 1985 felony in determining his sentence. As part of his first claim, he also alleges that his sentencing counsel was deficient for failing to object to the 1985 felony. (D.E. 22 at "Ground One"; D.E. 23 at "Ground One".) Second, Contreras faults his counsel for not advising him that he could "apply" for the "fast track" program, and asks for the opportunity to receive the benefits of such a program. (D.E. 22 at "Ground Two"; D.E. 23 at "Ground Two".) Third, he claims that his counsel was deficient for failing to ask the Court to run his sentences in the Corpus Christi Case and the Laredo case concurrently, and challenges the imposition of consecutive sentences. (D.E. 22 at "Ground Four"; D.E. 23 at "Ground Three".) Fourth and finally, Contreras claims that he erroneously received

two criminal history points for having an outstanding warrant in Case CM-90-297 (see PSR at ¶ 36), because he was not the person with the outstanding warrant. He asks for these two points to be removed and for a lower sentence. (D.E. 22 at "Ground Three"; D.E. 23 at "Ground Four".)

## IV. DISCUSSION

### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

The Court need not address whether Contreras has procedurally defaulted his claims by failing to appeal. Rather, the Court concludes that he waived the claims he raises in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's

voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing waiver of appeal rights)

### B.   Waiver of § 2255 Rights

It is clear from the rearraignment transcript that Contreras understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Contreras' sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements support a finding that his waiver was knowing and voluntary.

Contreras' claims fall within the scope of that waiver. Thus, they are not properly before the Court. See generally Wilkes, supra; White, supra. For the foregoing reasons, Contreras' motion is barred in its entirety by his waiver and is therefore DISMISSED WITH PREJUDICE.

### C.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A).  Although Contreras has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Contreras has stated a valid claim for relief, because he cannot establish the second

Slack criterion. That is, reasonable jurists would not disagree that the claims raised in his motion are barred due to his waiver. Accordingly, Contreras is not entitled to a COA.

## V.  CONCLUSION

For the foregoing reasons, Contreras' motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (D.E. 22, 23) is DISMISSED WITH PREJUDICE. Contreras is also DENIED a Certificate of Appealability.

Ordered this 30th day of March, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE