IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | Cr. No. C-05-324 |
| | § | |
| EDGAR CONTRERAS-MARTINEZ. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION REQUESTING PAYMENT PLAN FOR FINE**

Pending before the Court is Defendant Edgar Contreras-Martinez's ("Defendant") "Motion With Respect to a Scheduled Payment Plan Issued By the United States District Court," which was received by the Clerk's office on March 9, 2009. (D.E. 35.) A second copy of the motion, largely identical although bearing a different date, was received by the Clerk on March 26, 2009. (D.E. 36.)[1] In his motion, Defendant explains that the Bureau of Prisons is imposing "sanctions" upon prisoners (limitations on commissary purchases, telephone and visiting privileges) who have not timely paid their fines and is also taking half of the pay those prisoners earn in prison employment. (D.E. 35 at 2; D.E. 36 at 2.) He complains that he is currently suffering such restrictions due to his inability to pay his criminal fine. He thus requests that the Court "stay" the fine until he is released on supervised release. Alternatively, he asks that the Court set a scheduled payment plan that

---

[1] The first document referenced an earlier criminal case arising in the Laredo division in which Contreras-Martinez was a criminal Defendant, 5:04cr216. The Clerk recognized that the fine Defendant references was imposed in the instant case, not the Laredo case, and docketed the motion in the instant case. Apparently after receiving an order from United States District Judge George P. Kazen denying the motion in that case and explaining that his motion bore the incorrect case number, (see 5:04cr216, D.E. 45), Defendant changed the date and re-filed his motion with the correct case number. This Order addresses both motions.

is "reasonable."  (D.E. 35 at 3; D.E. 36 at 3.)

When Defendant was sentenced on March 30, 2007, the sentence and judgment included a requirement that he pay a fine of $1,000.00 and a special assessment of $100.00 (D.E. 20, 21.)  The judgment expressly provides that payment of the fine is to begin immediately and that payment "is due during imprisonment." (D.E. 21, Judgment at page 6.) No payment plan was set by the Court in the judgment.  Defendant did not appeal his conviction or sentence.

This Court does not have the authority to remit or waive Defendant's fine, absent a motion by the government. See, e.g., 18 U.S.C. § 3572(c); 18 U.S.C. § 3573. The government has not made such a motion here.  Thus, to the extent Defendant's motion is seeking a reduction or waiver of his fine, it is DENIED.

In certain circumstances, the Court could alter the payment schedule for a fine upon a showing by a defendant that he has suffered a "material change" in his economic circumstances that affects his ability to pay the fine.  18 U.S.C. § 3572(d)(3).  This provision is inapplicable in this case, however, because the Court did not set a payment schedule.  See United States v. Cantu-Rivera, 2005 WL 1130311(5th Cir. 2005) (unpublished) (affirming district court's denial of motion for remission or modification of fine and noting that, "because the criminal judgment did not call for payment of the fine in installments, 18 U.S.C. § 3572(d)(3) is not applicable"); see also 18 U.S.C. § 3572(d)(3) (addressing changes to an installment plan for a fine).

The next argument Defendant raises in support of his request is that it was allegedly

2

improper for this Court to allow the Bureau of Prisons to set the "amount and timing" of his fine. (D.E. 35 at 1-2; D.E. 36 at 1-2.)  In support of this claim, he cites to three cases, from the Fourth, Sixth, and Seventh circuits respectively.[2]  Like those circuits, the Fifth Circuit has also held that the sentencing court must determine how much a defendant owes in restitution and that the district court must "designate the timing and amount of payments." United States v. Albro, 32 F.3d 173, 174 (5th Cir. 1994).

Albro, however, is not directly on point.  Albro concerned the payment of restitution, while the instant case involves a fine.  The Seventh Circuit recently addressed the precise issue raised by Defendant in the instant case and, in so doing, noted important distinctions between criminal fines and restitution. United States v. Ellis, 552 F.3d 737 (7th Cir. 2008). Specifically, the Ellis court noted that restitution is governed by the Mandatory Victim Restitution Act ("MVRA") and fines are governed by 18 U.S.C. § 3572, two different statutory schemes. 552 F.3d at 739.  The most relevant distinction, for purposes of Defendant's motion, is that a court is required under the MVRA to "establish the manner in which, and the schedule according to which, the restitution is to be paid." By contrast, there is no requirement that a sentencing court establish a manner of payment for fines.  Id.

The Ellis court held that, in the case of a fine payable immediately, the sentencing court has no obligation or responsibility to set up a payment schedule for that fine.[3]  In such

---

[2]  The three cases are United States v. Miller, 77 F.3d 71 (4th Cir. 1996), United States v. Lindo, 52 F.3d 106 (6th Cir. 1998) and United States v. Arellano, 137 F.3d 982 (7th Cir. 1998).

[3]  In this way, the Ellis court distinguished the case before it from a case like Arellano, cited by the Defendant, which held that, if a sentencing court chooses to permit installment payments, it

a case, a "payment schedule established by the [Bureau of Prisons ('BOP') through the Inmate Financial Responsibility Program ('IFRP')] does *not* conflict with [a] sentencing court's immediate payment order." Ellis, 522 F.3d at 738-39 (quoting McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999)).

While not binding on this Court, the opinion in Ellis is both persuasive and consistent with Fifth Circuit authority. Cf. United States v. Warden, 291 F.3d 363, 366 (5th Cir. 2002) (district court did not unlawfully delegate authority to United States Probation Officer to determine the amount and manner of restitution payments where the probation officer was merely responsible for making a determination as to Defendant's ability to pay); United States v. Arledge, 553 F.3d 881, 901 (5th Cir. 2008) (district court did not improperly delegate the setting of restitution payments to the Probation Office "[b]ecause both the timing and the amount of payments was clear on the face of the restitution order"); see also Bloch v. Lake, 183 Fed. Appx. 471 (5th Cir. 2006) (citing the Seventh Circuit's decision in McGhee, supra, as support for the proposition that "[b]ecause the sentencing court set the amount of restitution and ordered that the restitution was due immediately, there was no unconstitutional delegation of judicial authority").

Just as in the Ellis case, the Court in this case designated the amount and the timing of Defendant's fine. That is, the judgment expressly orders that it be paid immediately. The Court has not delegated any responsibility required of it and therefore is not in violation of

---

cannot delegate to the Probation Department the authority to set a payment schedule. Ellis, 522 F.3d at 738.

the holding in <u>Albro</u>.

Finally, to the extent Defendant is arguing that the Court erred in imposing a fine or in not establishing a payment plan, Defendant should have challenged this alleged error through a direct appeal. It has been more than two years since Defendant's conviction became final and Defendant is now asking the Court to modify its judgment and revise its imposition of a fine due immediately. This Court is without jurisdiction to consider his request. <u>United States v. Hatten</u>, 167 F.3d 884 (5th Cir. 1999). In <u>Hatten</u>, the Fifth Circuit held that the district court lacked jurisdiction to modify its restitution order by adding a payment plan after the defendant's conviction was final, rejecting various possible bases for jurisdiction including 18 U.S.C. § 3582 and 28 U.S.C. § 2255. 167 F.3d at 887. In so holding, the <u>Hatten</u> court noted that restitution is a sentencing issue that should have been raised on direct appeal. 167 F.3d at 887 & n.5. The same is true of Defendant's fine. The Court has no jurisdiction to consider Defendant's request.

For all of the foregoing reasons, Defendant's motion (D.E. 35, 36) is DENIED.

It is so ORDERED this 13th day of April, 2009.

HAYDEN HEAD
CHIEF JUDGE